1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  DIANA ROSENSTEIN, State Bar #198740
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3933
6  Facsimile:     (415) 554-3837
   E-Mail:        diana.rosenstein@sfgov.org
7
8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12  FLORA CAMPOY, an individual,         Case No. 3:16-cv-4229

13          Plaintiff,                   (San Francisco Superior Court
                                          Case No. CGC-15-549479)
14      vs.

15  CITY OF SAN FRANCISCO; SAN          **NOTICE TO FEDERAL DISTRICT COURT**
    FRANCISCO POLICE DEPARTMENT;         **OF REMOVAL OF ACTION FROM STATE**
16  SFPD OFFICER CHRISTOPHER R.          **SUPERIOR COURT**
    HARDY, DOES 1 THROUGH 100,           **(PURSUANT TO 28 U.S.C. § 1441(B)**
17  INCLUSIVE,                           **(FEDERAL QUESTION))**

18          Defendants.

19

20

21  **TO:    CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF, IN PRO PER:**

22          NOTICE IS HEREBY GIVEN that the City and County of San Francisco ("defendant"),

23  named as defendant in the above-captioned action, No. 549479, in the files and records of the Superior

24  Court in and for the City and County of San Francisco, hereby files in the United States District Court

25  for the Northern District of California a Notice of Removal of said action to the said United States

26  District Court, pursuant to 28 U.S.C. §§1441 and 1446, and are filing in said Superior Court a Notice

27  of Removal.

28

NOTICE OF REMOVAL                         1                    n:\lit\li2016\161384\01124312.docx
CASE NO.

1   Defendant, pursuant to 28 U.S.C. §§1441 and 1446, presents the following facts to the Judges

2   of the United States District Court for the Northern District of California:

3   A civil action bearing the above-caption was commenced in the Superior Court of California,

4   in and for the City and County of San Francisco, Action No. CGC-15-549479, on December 17, 2015,

5   and is pending therein.  The summons and first amended complaint was served on the City on June 27,

6   2016.

7   The Complaint in said pending action includes allegations brought under 42 U.S.C. § 1983 that

8   the named Defendant violated the civil rights of Plaintiff.

9   This action may properly be removed to this Court pursuant to 28 U.S.C. §1441, for the reason

10  that Plaintiff's complaint alleges a violation of laws of the United States.

11  To the extent that Plaintiff's complaint alleges a claim or cause of action other than violations

12  of rights under the laws of the United States, said cause(s) of action may be removed and adjudicated

13  by this Court pursuant to 28 U.S.C. §1441(c).

14  Pursuant to 28 U.S.C. §1446(b), a copy of the following documents are attached:

15  1.   The Summons and Complaint are hereto attached as Exhibit A.

16  2.   Defendant's Answer to Complaint and Jury Trial Demand is hereto attached as

17  Exhibit B.

18  All other process, pleadings and other orders served upon Defendant in this action will be

19  forwarded forthwith when they are retrieved from the Superior Court docket.

20  Venue in this district is proper under 28 U.S.C. § 1441 because this District includes the

21  California Superior Court for San Francisco County, the forum in which the removed action was

22  pending.

23  Defendant will promptly file a Notice of this Removal with the Clerk of the Superior Court for

24  San Francisco County and serve the Notice on all parties.

25

26

27

28  / / /

1        WHEREFORE, Defendant prays that the above action now pending in the Superior Court of

2    the State of California in and for the City and County of San Francisco be removed in its entirety to

3    this Court for all further proceedings, pursuant to 28 U.S.C. §1441, *et. seq.*

4

5

6    Dated: July 27, 2016

7                        DENNIS J. HERRERA
                    City Attorney

8                        CHERYL ADAMS
                    Chief Trial Deputy

9                        DIANA ROSENSTEIN
                    Deputy City Attorney

10

11                     By:   */s/ Diana Rosenstein*
                    DIANA ROSENSTEIN

12

13                     Attorneys for Defendant
                  CITY AND COUNTY OF SAN FRANCISCO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  Flora Campoy
   3476 18th Street, #5
2  San Francisco, CA 94110

3

4  *In pro se*

5

6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA,

10                 FOR THE COUNTY OF SAN FRANCISCO

11

12  FLORA CAMPOY, an individual,          )   Case No. **CGC-15-549479**
                                          )
13                    Plaintiff,          )   **COMPLAINT OF FLORA CAMPOY**
                                          )   **FOR:**
14         v.                             )
                                          )
15  CITY OF SAN FRANCISCO; SAN            )   1. Violation of Civil Rights (42 U.S.C. §
    FRANCISCO POLICE DEPARTMENT;          )      1983, 4th and 14th Am.) – SPFD
16  SPFD OFFICER CHRISTOPHER R.           )      OFFICER CHRISTOPHER R.
    HARDY, DOES 1 THROUGH 100,            )      HARDY
17  INCLUSIVE,                            )   2. Violation of Civil Rights (42 U.S.C. §
                                          )      1983, 4th and 14th Am.) – Defendants
18                    Defendants.         )      CITY, SFPD and DOES
                                          )   3. Battery
19                                        )   4. Assault
                                          )   5. Negligent Intentional Infliction of
20                                        )      Emotional Distress
                                          )   6. Negligence – Failure to Use
21                                        )      Reasonable Care
                                          )   7. Negligence - Failure to Train,
22                                        )      Investigate, or Supervise
                                          )   8. Violation of CCP § 52.1

23

24         COMES NOW Flora Campoy, (hereinafter "PLAINTIFF"), an individual, who alleges as

25  follows:

26                                    **PARTIES**

27      1.  PLAINTIFF at all times material herein, was an adult citizen residing in the city of San

28

                                        -1-

Francisco, California within the jurisdiction of the Superior Court of the State of California, County of San Francisco.

2.  At all times material herein, Defendant, City of San Francisco (hereinafter "CITY"), was a governmental entity organized under the laws of the State of California.

3.  At all times material herein, Defendant San Francisco Police Department (hereinafter "SFPD"), was a public entity responsible for providing law enforcement for Defendant CITY, including hiring, supervising, training, and managing local police officers.

4.  At all times mentioned herein, Defendant SFPD was responsible for overseeing the operation, management, and supervision of its personnel and is liable for the negligent and reckless acts of all employees, personnel, and entities.

5.  In committing the acts and/or omissions alleged herein, all Defendants acted under color of authority and/or color of law.

6.  At all times material herein, Defendant SFPD Officer Christopher R. Hardy (hereinafter "HARDY") was an adult citizen residing in the city of San Francisco, State of California and acting as a duly appointed officer employed by Defendant CITY.  He is being sued individually and in his official capacity as an officer for CITY.

7.  PLAINTIFF is ignorant of the true names and capacities of the Defendants identified as DOES 1 THROUGH 100 (hereinafter "DOES"), inclusive, and sues these Defendants by such fictitious names under California Code of Civil Procedure §474.  PLAINTIFF will amend this complaint and add the true names of these Defendants when ascertained.

8.  PLAINTIFF is informed and believes and, based upon such information and belief, alleges that Defendant HARDY and DOES, were acting as the agents and/or employees of Defendants CITY and SFPD, and in doing the acts alleged herein, were acting within the course and scope of such employment or agency.

9. At all times material herein, Defendants DOES, were the immediate supervisor, immediate supervisor(s) and/or the training officers for Defendant HARDY.  DOES are being sued in their individual capacities, and at the time of the acts complained, were each duly appointed and acting deputies employed as such by Defendants CITY and SFPD, and at the time of the acts hereinafter complained of, each said defendant was acting in the course and scope of such employment and acting under color of law, by promulgating policies and procedures pursuant to which the unlawful conduct occurred.

10. DOES were at all times responsible for the hiring, training, supervision, and discipline of Defendant HARDY and were responsible for violation of PLAINTIFF's rights by failing and refusing, with deliberate indifference to PLAINTIFF, to intervene to stop the unlawful conduct, and by ratifying the conduct that occurred by agents and deputies under their direction and control.

11. PLAINTIFF is informed and believes that each Defendant sued herein was responsible in some manner for the events as hereinafter described, and proximately caused injuries and damages to PLAINTIFF.

12. The acts as alleged herein occurred in the City of San Francisco, County of San Francisco, State of California.

13. San Francisco County is the proper jurisdiction for this matter.

14. PLAINTIFF now files this action with the Superior Court - County of San Francisco.

## ALLEGATIONS

15. On October 29, 2014 at about 11:50pm, Defendant HARDY and several DOE OFFICERS were assigned to crowd control effort of SFPD in the Mission District area of the city of San Francisco after disturbances ensued following a San Francisco Giants World Series game

against the Kansas City Royals. The Giants won the world series that evening, which led to mass street celebrations.

16. PLAINTIFF was walking home along Mission Street off near 16th Street headed toward 18th Street toward her home. PLAINTIFF was not part of the disturbances. PLAINTIFF, as she neared 18th Street, she ended up on the ground after being struck and or taken down by HARDY and DOES. Plaintiff was battered, with harmful and offensive touching, without consent or privilege, by HARDY and DOES.

17. PLAINTIFF was transported by ambulance to the hospital, suffering from physical and emotional injuries, including, but not limited to, brain injury with an hematoma, head and neck injury and pain, traumatic concussion, memory loss, vertigo, dizziness, emotional and mental distress.

18. The above referenced acts or omissions were the proximate and legal cause of PLAINTIFF's injuries and were the proximate and legal cause of damages to the PLAINTIFF.

19. As a result of the excessive force, PLAINTIFF suffered general and special damages, including, but not limited to pain, discomfort, bruising, scarring, anxiety, and she continues to suffer ongoing mental anguish.

20. PLAINTIFF has fully complied with California Government Code Sections 910 *et seq.* by timely filing claims with defendants and timely filing her lawsuit thereafter.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
### (As to Defendant HARDY)

21. PLAINTIFF re-alleges paragraphs 1-20 as though set forth herein *verbatim*.

22. This action arises under 42 U.S.C. §§ 1983 and 1988, the United States constitution and common law principles.   By engaging in the conduct described hereinabove, Defendant HARDY was acting under the color of state law as a police officer, and violated PLAINTIFF's

civil rights afforded to her under the United States Constitution, including her right to be free from excessive and unreasonable force in violation of her rights protected under the Fourth Amendment.

23. As a direct and proximate result of Defendant HARDY's wrongful conduct described hereinabove, PLAINTIFF suffered physical and emotional injuries, including, but not limited to, brain injury with an hematoma, head and neck injury and pain, traumatic concussion, memory loss, vertigo, dizziness, emotional and mental distress.

24. PLAINTIFF is informed and believes, and based thereon alleges that, in engaging in the conduct alleged herein, Defendant HARDY:

(a) acted with the intent to injure, vex, annoy, and harass PLAINTIFF, and

(b) subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights with the intention on the part of the Defendant of thereby depriving PLAINTIFF of her liberty and legal rights and otherwise caused PLAINTIFF's injury.

25. As a result of the foregoing, PLAINTIFF seeks exemplary and punitive damages against Defendant HARDY as well as an award of reasonable attorneys' fees and costs according to proof, pursuant to 42 U.S.C. § 1988.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
**(As to Defendants CITY, SFPD, and DOES for Failure to Train, Investigate, or Supervise, Causing Constitutional Violation and Custom Causing Constitutional Violation)**

26. PLAINTIFF re-alleges paragraphs 1 through 25 as though set forth herein *verbatim*.

27. PLAINTIFF is informed and believes and thereon alleges that Defendants CITY, DOES, and SFPD knew, or in the exercise of reasonable care should have known of customs, policies, and practices inimical to the free exercise and enjoyment of constitutional rights of its citizens.

28. Defendants CITY, SFPD, and DOES at all times material herein tolerated or maintained the unconstitutional custom, policy, or practice of:

a. Use of excessive force or violence, including, but not limited to, use of tactics and weapons in a reckless and unreasonable manner;

b. Writing false reports and/or giving false testimony;

c. Derelict supervision of patrol or line deputies;

d. Institutional pressure to conform false testimony, evidence, or reports by all deputies involved in an incident to protect one or more of them from criminal prosecution or administrative discipline aka "Code of Silence"; it was a common practice to falsely claim that the force was justified because the arrestee was resisting arrest or attacking the officer;

e. Sham or deficient investigations of allegations of officer misconduct designed to allow officer misconduct to escape detection by superiors and/or superiors who guide or shape the investigations to support a result exonerating the subject or target deputies;

f. Ratification of misconduct to avoid referral for criminal prosecution;

g. Planting evidence or withholding evidence to favor the involved officer(s)'s version of a disputed and complained of incident of officer misconduct;

h. Public denial or minimization of rampant problems of dishonesty and brutality within the SFPD Department;

i. Failure to properly hire, train, supervise, discipline, terminate, or otherwise take appropriate action with regard to persons who are or become unsuitable for officer work.

29. As a proximate result of the foregoing unconstitutional municipal customs, policies and/or practices tolerated or maintained, PLAINTIFF's civil rights were violated as foresaid.

30. PLAINTIFF claims general and special damages according to proof as a proximate result thereof.

31. PLAINTIFF is informed and believes and thereupon alleges that Defendants HARDY,

SFPD, CITY, and DOES were the subject of prior complaints of allegations of similar conduct, had been the subject of administrative proceedings and had also been defendants in federal and state courts wherein the plaintiff(s) alleged violations of their constitutional rights by Defendants HARDY, SFPD, CITY, and DOES in the course and scope of their employment as SFPD officers and under color of law.

32. Notwithstanding this information and the history of SFPD officers, including, but not limited to Defendant HARDY, Defendants SFPD, CITY, and DOES, failed to properly screen applicants and hired persons who were psychologically unfit for duty, who falsified evidence after officer use of excessive force, and used unreasonable, out-of-policy or unconstitutional officer tactics to investigate officer use of force incidents. The failure to discipline the individual officers for their unconstitutional conduct and for violation of SFPD's policy against unjustified use of force and falsifying facts and evidence in an investigation was ratification of the wrongful conduct.

33. Defendants CITY, SFPD, and DOES have a custom or practice which rejects and ignores the prior misconduct of a deputy in imposing discipline. As a result, the custom, practice, or policy results in the retention of deputies such as Defendant HARDY who has a propensity to use excessive force, falsify evidence, and violate SFPD policy on the investigation of use of force incidents. This condones, ratifies, promotes, and perpetuates deputy misconduct and the code of silence, which were moving forces in the violations of PLAINTIFF's constitutional rights.

### THIRD CAUSE OF ACTION
#### Battery
#### (As to Defendants HARDY and CITY)

34. PLAINTIFF re-alleges paragraphs 1 through 33 as though set forth herein *verbatim*.

35. PLAINTIFF has fully complied with California Government Code Sections 910 *et seq.* by

timely filing claims with defendants and timely filing his lawsuit thereafter.

36. PLAINTIFF was battered by Defendant HARDY, which resulted in significant injury, including, but not limited to, extreme pain, suffering, and mental anguish.

37. Pursuant to the doctrine of *respondeat superior,* Defendant CITY is liable for the misconduct of the individual defendant officer employee which was committed while he was acting in the course and scope of his employment pursuant to Cal. Gov't Code § 815.2.

38. PLAINTIFF claims general and special damages according to proof as a proximate result thereof.

### FOURTH CAUSE OF ACTION
#### Negligent Intentional Infliction of Emotional Distress
#### (As to Defendants HARDY and CITY)

39. PLAINTIFF re-alleges paragraphs 1 through 38 as though set forth herein *verbatim.*

40. PLAINTIFF has fully complied with California Government Code Sections 910 *et seq.* by timely filing claims with defendants and timely filing his lawsuit thereafter.

41. DEFENDANTS, and each of them, knew or reasonably should have known that the conduct described herein would and did proximately result in the physical and emotional distress to Plaintiff.

42. At all relevant times, Defendants, and each of them had the power, ability, authority and duty to stop engaging in and or intervene to prevent or prohibit said conduct. Despite said knowledge, power, and duty, Defendants negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect Plaintiff. To the extent that said negligent conduct was perpetrated by certain Defendants, the remaining Defendants confirmed and ratified said conduct with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

43. By As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer serious emotional distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

44. PLAINTIFF suffered severe emotional distress, including, but not limited to suffering, shame, shock, anguish, anxiety, fright, horror, humiliation, nervousness, and grief.

45. The conduct of Defendant HARDY was a substantial factor in causing the severe emotional distress to PLAINTIFF.

46. Defendant HARDY's conduct in intentionally depriving PLAINTIFF of his freedom of movement by intentionally tackling, shoving, or pushing PLAINTIFF to the ground, and continuously attempting to touch PLAINTIFF in a harmful or offensive manner, this was despicable and was done with an intentional, willful, and knowledgeable disregard for the safety of PLAINTIFF.

47. Pursuant to the doctrine of *respondeat superior,* Defendant CITY is liable for the misconduct of the individual defendant officer employee which was committed while he was acting in the course and scope of his employment pursuant to Cal. Gov't Code § 815.2.

### FIFTH CAUSE OF ACTION
### Negligence
### (As to Defendants HARDY and CITY)

48. PLAINTIFF re-alleges paragraphs 1 through 47 as though set forth herein *verbatim.*

49. PLAINTIFF was subjected to use of unnecessary force and arrest by Defendant HARDY. He was negligent in the performance of his tactics and duties and this negligence caused PLAINTIFF's injuries. Defendant HARDY had a duty to comply and failed to comply with the above stated sheriff tactics and duties. His conduct fell below the standard of care for reasonable police officers, and this breach of duty caused the injuries and damages alleged herein.

50. Pursuant to the doctrine of *respondeat superior,* Defendant CITY is liable for the misconduct of the individual defendant deputy employee which was committed while he was acting in the course and scope of his employment pursuant to Cal. Gov't Code § 815.2.

### SIXTH CAUSE OF ACTION
### Negligent Hiring
### (As to Defendants CITY, SFPD, and DOES)

51. PLAINTIFF re-alleges paragraphs 1 through 50 as though set forth herein *verbatim.*

52. Defendants SFPD and DOES, acting within the course and scope of their employment with Defendant CITY, breached their duty to assure the competence of Defendant HARDY in hiring him, failed to exercise ordinary care under the circumstances herein alleged to evaluate and to assure the competent performance of his duties, and breached their duty of selecting, training, reviewing, and periodically evaluating the competency of Defendant HARDY. This breach of duty of careful selection, training, review, and periodic evaluation of the competency of Defendant HARDY created an unreasonable risk of harm to persons such as PLAINTIFF.

53. As a direct and legal result of the aforesaid negligence, carelessness, and unskillfulness of Defendants CITY, SFPD, and DOES, PLAINTIFF was injured and has suffered the damages as alleged above.

### SEVENTH CAUSE OF ACTION
### CAL. CIVIL CODE § 52.1
### (As to all Defendants)

54. PLAINTIFF re-alleges paragraphs 1 through 53 as though set forth herein *verbatim.*

55. The aforesaid acts of defendants and each of them violated PLAINTIFF's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the parallel provisions of Article I, Section 13 of the California Constitution, both of which proscribe unreasonable search and seizure by using excessive force against PLAINTIFF, which is remediable under California   Civil Code § 52.1.

56. Said acts were threatening, coercive and/or intimidating within the meaning of California Civil Code § 52.1.

57. PLAINTIFF was caused injury, damage, and harm in an amount according to proof due to the conduct of the defendants.

58. Defendants are liable to PLAINTIFF for damages, exemplary and punitive damages, penalties and attorneys' fees as provided in California Civil Code § 52.1(b).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, PLAINTIFF requests relief as follows:

1.   For general damages according to proof;

2.   For special damages according to proof;

3.   For prejudgment interest according to proof;

4.   For reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52.1, and any other applicable provision;

5.   For punitive damages pursuant to 42 U.S.C. §§ 1983 and 1988 and/or California Civil Code § 3294, and any other applicable provision in an amount sufficient to deter and make an example of said defendants; and

6.   For such further relief which is just and proper.

DATED:  December 11, 2015

By_____

PLAINTIFF

**JURY DEMAND**

PLAINTIFF demands trial by jury in this action.

DATED:  December 11, 2015


By_____

PLAINTIFF

# EXHIBIT  B

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  DIANA ROSENSTEIN, State Bar #198740
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3933
6  Facsimile:      (415) 554-3837
   E-Mail:         diana.rosenstein@sfgov.org
7
8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

**ELECTRONICALLY**
**FILED**
*Superior Court of California,*
*County of San Francisco*

**07/26/2016**
**Clerk of the Court**
BY:VERLINDA JONES
**Deputy Clerk**

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12                          UNLIMITED JURISDICTION

13  FLORA CAMPOY, an individual,          Case No. CGC-15-549479

14          Plaintiff,
                                          **DEFENDANT CITY AND COUNTY OF SAN**
15      vs.                               **FRANCISCO'S ANSWER TO COMPLAINT**

16  CITY OF SAN FRANCISCO; SAN
    FRANCISCO POLICE DEPARTMENT;          Date Action Filed:    December 17, 2015
17  SFPD OFFICER CHRISTOPHER R.           Trial Date:           Not Set
    HARDY, DOES 1 THROUGH 100,
18  INCLUSIVE,

19          Defendants.

20

21

22          Defendant City and County of San Francisco (the "City" or "defendant"), a municipal

23  corporation, responds to plaintiff's unverified complaint as follows:

24          Pursuant to section 431.30 of the California Code of Civil Procedure, the defendant denies

25  each and every allegation in the complaint.

26

27

28  / / /

                                          1

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any defendant.

### SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk - Peril)

Defendant alleges that plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiff was caused by said risks which were accepted and voluntarily assumed by plaintiff, when engaging in said activity.

### THIRD AFFIRMATIVE DEFENSE

(Assumption of the Risk)

Defendant alleges that plaintiff had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by the him was caused by said risks that were accepted and voluntarily assumed by him.

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq.* and related statutes.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendant alleges that the complaint and each and every cause of action therein is barred because plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any from defendant.

2

1

## SIXTH AFFIRMATIVE DEFENSE

2

(Defendant's Acts Not A Proximate Cause)

3

Defendant states that any act or omission on the part of the answering defendant, its agents or

4

employees, was not the proximate cause of plaintiff's injury.

5

## SEVENTH AFFIRMATIVE DEFENSE

6

(Denial of Damages)

7

Defendant denies that plaintiff has been damaged in any sum or sums, or otherwise, or at all,

8

by reason of any act or omission of any defendant.

9

## EIGHTH AFFIRMATIVE DEFENSE

10

(Immunity)

11

Defendant alleges the provisions of the California Tort Claims Act of the California

12

Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of

13

San Francisco and its employees.

14

## NINTH AFFIRMATIVE DEFENSE

15

(Immunity)

16

Defendant claims the immunities under the applicable provisions of the Government Code,

17

including without limitation sections 820.8, 830-835.4.

18

## TENTH AFFIRMATIVE DEFENSE

19

(Barred by Tort Claims Act and Failure to file Claim)

20

Defendant alleges that to the extent the complaint includes allegations within the scope of the

21

California Tort Claims Act, the complaint is barred by the following provisions of the California Tort

22

Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7;

23

818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8;

24

830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8;

25

855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

26

27

28

///

1                       **ELEVENTH AFFIRMATIVE DEFENSE**

2                   (Variance Between Tort Claim and Complaint)

3        Defendant alleges that to the extent the complaint includes allegations within the scope of the

4 California Tort Claims Act, plaintiff's purported causes of action are limited to those factual

5 allegations and theories of recovery set forth in plaintiff's written government tort claim, if any, and

6 that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories,

7 the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910,

8 911.2, 945.5, 950.2 and related provisions.

9                       **TWELFTH AFFIRMATIVE DEFENSE**

10                           (Good Faith)

11        Defendant alleges that the employees, officials and agents of defendant were at all times

12 material hereto acting with both subjective and objective good faith, such that any claim for relief that

13 plaintiff may have is barred by law.

14                       **THIRTEENTH AFFIRMATIVE DEFENSE**

15                          (Estoppel)

16        By reason of plaintiff's own acts and omissions, including the acts and omissions of plaintiff is

17 estopped from seeking any recovery from defendant by reason of the allegations set forth in the

18 complaint.

19                      **FOURTEENTH AFFIRMATIVE DEFENSE**

20                        (Frivolous Action)

21        Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling

22 the defendant to sanctions and appropriate remedies (including without limitation attorney's fees)

23 against plaintiff.

24                       **FIFTEENTH AFFIRMATIVE DEFENSE**

25                        (Unclean Hands)

26        The complaint and each cause of action therein are barred by the doctrine of unclean hands.

27

28 /// 

                                     4

1    **SIXTEENTH AFFIRMATIVE DEFENSE**

2    (Res Judicata)

3    To the extent plaintiff's failure to file a claim bars this action, the complaint and each cause of

4    action therein is barred by the doctrine of *res judicata* and collateral estoppel.

5    **SEVENTEENTH AFFIRMATIVE DEFENSE**

6    (Proper Conduct)

7    As a separate and affirmative defense to the complaint and to each and every allegation

8    contained therein, defendant alleges that at all times and places mentioned in the complaint, defendant

9    acted without malice and with a good faith belief in the propriety of its conduct.

10    **EIGHTEENTH AFFIRMATIVE DEFENSE**

11    (Acting in Good Faith)

12    As a separate and affirmative defense to the complaint and to each and every allegation set

13    forth therein, defendant alleges that at all times mentioned in the complaint, defendant performed and

14    discharged in good faith each and every obligation, if any, owed to plaintiff.

15    **NINETEENTH AFFIRMATIVE DEFENSE**

16    (Privilege)

17    As a separate and affirmative defense to the complaint and to each and every allegation

18    contained therein, defendant alleges that its conduct at all times material herein was privileged and/or

19    justified under applicable state and Federal law.

20    **TWENTIETH AFFIRMATIVE DEFENSE**

21    (Immunities)

22    As a separate and affirmative defense to the complaint and to each and every allegation

23    contained therein, defendant asserts the various immunities conferred upon it pursuant to the

24    California Government Code, and other applicable provisions of law including, but not limited to,

25    those contained in Division 3.6 of Title 1 of the California Government Code.

26

27

28    / / /

5

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### (Public Liability Act)

3    Defendant allege the provisions of the Public Liability Act of the California Government Code

4    as the sole and exclusive measure of defendant's duties and liabilities in this action.

5

## TWENTY-SECOND AFFIRMATIVE DEFENSE

6

### (Immunity:  Exemplary Damages)

7    Defendant alleges that San Francisco, a public entity, is immune from liability for exemplary

8    damages herein pursuant to Section 818 of the California Government Code.

9

## TWENTY-THIRD AFFIRMATIVE DEFENSE

10

### (Plaintiff's Conduct Reckless and Wanton)

11    Defendant alleges that at all times mentioned in plaintiff's complaint herein, plaintiff acted in a

12    careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint;

13    that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and

14    damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claim is barred.

15

## TWENTY FOURTH AFFIRMATIVE DEFENSE

16

### (Discretionary Act Immunity)

17    Defendant alleges that the act or omissions which plaintiff claims give rise to liability in this

18    case were within the discretion of a San Francisco employee acting within the course and scope of

19    their employment and, as a result, plaintiff's claim is barred by the discretionary act immunity

20    contained in Government Code section 820.2 and its related provisions.

21

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

22

### (Privilege)

23    Defendant alleges that if any force was used by defendant against the plaintiff herein, said use

24    of force was the lawful exercise of the right of self-defense and defense of the public and privileged by

25    law, and any recovery pursuant to said use of force by any person is barred.

26

27

28    / / /

CCSF's Answer to Complaint; CASE NO. 549479                     n:\lit\li2016\161384\01124019.docx

1           **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

2                  (Justified Use of Force)

3        The complaint and each cause of action therein is barred because the use of force against the

4 plaintiff, if any, was privileged and justified.

5           **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

6               (Comparative Negligence)

7        Defendant alleges by way of a plea of comparative negligence that plaintiff was negligent in

8 and about the matters and activities alleged in the complaint; that plaintiff's own negligence

9 contributed to and was a proximate cause of plaintiff and/or plaintiff's alleged injuries and damages, if

10 any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against San

11 Francisco or its employees by virtue of the complaint, San Francisco and its employees pray that the

12 recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the

13 degree of fault attributable to the plaintiff.

14           **TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

15                     (Arrest)

16        Defendant alleged that if any force was used to effect the arrest of a third party suspect herein

17 by defendant, such force was authorized and privileged pursuant to Sections 835 and 835a of the

18 California Penal Code and as a proximate result thereof plaintiff is barred from any recovery herein for

19 any alleged injury or damage if any there were.

20           **TWENTY-NINTH AFFIRMATIVE DEFENSE**

21                (Resisting Arrest)

22        Defendant alleges that a third party dangerous suspect was under a duty pursuant to Section

23 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that he

24 breached his duty even though he knew or by the exercise of reasonable care should have known that

25 he was being arrested by a peace officer; that as a direct and proximate result of the suspect's breach of

26 this duty plaintiff is barred from recovery for any loss or damage he may have incurred, if any there

27 be.

28

1                               **THIRTIETH AFFIRMATIVE DEFENSE**

2                                     (Assault on Police)

3        Defendant alleges that at all times mentioned in plaintiff's complaint herein, a person willfully,

4 wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting

5 officers; that it became and was necessary to use force upon the person to defend said arresting

6 officers from said violent assault on their persons, or others; that the injuries, if any, and damages, if

7 any, incurred were proximately caused by the necessary use of said reasonable force on the person and

8 not otherwise; and that by reason of said person's vicious and violent assault on the persons of said

9 arresting officers, that person's failure and refusal to desist from continuing said assault, and the

10 consequent necessity to use reasonable force to defend said arresting officers from said assault,

11 plaintiff's claim, if any, is barred by law.

12                          **THIRTY-FIRST AFFIRMATIVE DEFENSE**

13                             (Prevent Injury/Escape)

14        Defendant alleges that no more force was used on a person who posed a threat than was

15 necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent

16 injury to the officers and the public and to facilitate and safeguard a valid police investigation.

17                       **THIRTY-SECOND AFFIRMATIVE DEFENSE**

18                           (Qualified Immunity)

19        Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified

20 immunity.

21                      **THIRTY-THIRD AFFIRMATIVE DEFENSE**

22        (Immunity for Failure to Provide Medical Care to a Prisoner)

23        Defendant alleges that, under Government Code section 845.6, San Francisco and/or its

24 employees are immune from liability for any inadequate medical care plaintiff may have received

25 while in custody.

26

27

28 / / /

             n:\lit\li2016\161384\01124019.docx

1

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

2

(Immunity from Injury Caused by Person Resisting Arrest)

3

Defendant alleges that, pursuant to Government Code section 845.8, San Francisco and its

4

employees are immune from liability as a matter of law for injury caused to plaintiff by a person

5

resisting arrest.

6

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

7

(Immunity:  Exemplary Damages)

8

Defendant alleges that San Francisco, a public entity, is immune from liability for exemplary

9

damages herein pursuant to Section 818 of the California Government Code.

10

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

11

(Failure to State Relief Under 42 U.S.C. 1983)

12

Defendant alleges that the plaintiff has failed to allege facts in the Complaint sufficient to state

13

a claim for relief under 42 U.S.C. 1983 against San Francisco, their agents, employees and particularly

14

its police officers.

15

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

16

(City and County of San Francisco Not a Proper Party)

17

Defendant alleges that plaintiff has failed to allege sufficient, specific facts against San

18

Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

19

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

20

(Mutual Combat)

21

Defendant alleges that plaintiff had full knowledge of the risks involved in the mutual combat

22

activity between law enforcement officers and persons who pose dangers that frequent the area where

23

the incident occurred, and that could occur as set forth in the complaint herein; that plaintiff

24

voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in

25

said complaint, and that the loss or damage, if any, sustained by plaintiff was caused by said risks,

26

which were accepted and voluntarily assumed by him when he ventured into said area.

27

28

/ / /

CCSF's Answer to Complaint; CASE NO. 549479

n:\lit\li2016\161384\01124019.docx

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Self Defense)

Defendant alleges by way of a plea of self-defense that defendants and City employees honestly and reasonably believed that a person was about to inflict harm upon them, or others, and that the use of force, if any, was done reasonably and in self-defense, or defense of others.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Defendant further alleges that it is not liable for any cause of action based in negligence, as it has breached no duty of care owed to plaintiff.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Breach of Duty to Bystanders/Privilege Extends to Bystanders)

Defendant further alleges that they are not liable for any cause of action based in negligence, intentional tort, or cause of action arising under federal law, as they have breached no duty of care owed to plaintiff, who was a bystander in the incident during which he claims damages, and as any and all claims of privilege and justification by defendant extends to any and all claims for damages by bystanders.

## ADDITIONAL AFFIRMATIVE DEFENSES

1. Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That plaintiff take nothing from Defendant;

2. That the complaint against Defendant be dismissed with prejudice;

3. That Defendant recover its costs of suit herein, including attorneys' fees; and

/ / /

1        4.      For such other relief as is just and proper.

2

3    Dated: July 26, 2016

4                                    DENNIS J. HERRERA
                                     City Attorney
5                                    CHERYL ADAMS
                                     Chief Trial Deputy
6                                    DIANA ROSENSTEIN
                                     Deputy City Attorney

7

8                                By:  /s/  Diana Rosenstein
                                     DIANA ROSENSTEIN
9
                                     Attorneys for Defendant
10                                   CITY AND COUNTY OF SAN FRANCISCO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CCSF's Answer to Complaint; CASE NO. 549479                    n:\lit\li2016\161384\01124019.docx

1

**PROOF OF SERVICE**

2      I, COLLEEN M. GARRETT, declare as follows:

3      I am a citizen of the United States, over the age of eighteen years and not a party to the above-

4 entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building,
1390 Market Street, Sixth Floor, San Francisco, CA 94102.

5      On July 26, 2016, I served the following document(s):

6    **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT**

7  on the following persons at the locations specified:

8  Flora Campoy
3476 18th St., #5

9  San Francisco, CA  94110

10  *In Pro Se*

11  in the manner indicated below:

12  ☒      **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of
the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with

13       the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's
Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed

14       for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

15      I declare under penalty of perjury pursuant to the laws of the State of California that the
foregoing is true and correct.

16      Executed July 26, 2016, at San Francisco, California.

17

18                                *Colleen M. Garrett*

19                                **COLLEEN M. GARRETT**

20

21

22

23

24

25

26

27

28

12

CCSF's Answer to Complaint; CASE NO. 549479                                    n:\lit\li2016\161384\01124019.docx

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Deputy
3  DIANA ROSENSTEIN, State Bar #198740
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3933
6  Facsimile:     (415) 554-3837
   E-Mail:        diana.rosenstein@sfgov.org
7
   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

ELECTRONICALLY
**FILED**
Superior Court of California,
County of San Francisco

**07/26/2016**
Clerk of the Court
BY:VERLINDA JONES
Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN FRANCISCO

11                        UNLIMITED JURISDICTION

12  FLORA CAMPOY, an individual,           Case No. CGC-15-549479

13          Plaintiff,

14      vs.                                **DEFENDANT CITY AND COUNTY OF SAN
                                           FRANCISCO DEMAND FOR JURY TRIAL**
15  CITY OF SAN FRANCISCO; SAN
    FRANCISCO POLICE DEPARTMENT;           Date Action Filed:   December 17, 2015
16  SFPD OFFICER CHRISTOPHER R.            Trial Date:          Not Set
    HARDY, DOES 1 THROUGH 100,
17  INCLUSIVE,

18          Defendants.

19

20

21          Defendant City and County of San Francisco requests a trial by jury in this action.

22  Dated: July 26, 2016

23                                 DENNIS J. HERRERA
                                   City Attorney
24                                 CHERYL ADAMS
                                   Chief Trial Deputy
25                                 DIANA ROSENSTEIN
                                   Deputy City Attorney
26
                          By:   /s/  Diana Rosenstein
27                                 DIANA ROSENSTEIN
                                   Attorneys for Defendant
28                                 CITY AND COUNTY OF SAN FRANCISCO

                                          1

## PROOF OF SERVICE

I, COLLEEN M. GARRETT, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On July 26, 2016, I served the following document(s):

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO DEMAND FOR JURY TRIAL**

on the following persons at the locations specified:

Flora Campoy
3476 18th St., #5
San Francisco, CA 94110

*In Pro Se*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed July 26, 2016, at San Francisco, California.

_Colleen M. Garrett_
COLLEEN M. GARRETT

CCSF's Jury Demand; CASE NO. 549479

n:\lit\li2016\161384\01124020.docx

## PROOF OF SERVICE

1

I, COLLEEN M. GARRETT, declare as follows:

2

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

3

4

On July 27, 2016, I served the following document(s):

5

**NOTICE TO FEDERAL DISTRICT COURT OF REMOVAL OF ACTION FROM STATE SUPERIOR COURT**

6

**(PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION))**

7

on the following persons at the locations specified:

8

Flora Campoy
3476 18th Street, #5
San Francisco, CA  94110

9

10

*In Pro Se*

11

in the manner indicated below:

12

☒       **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

13

14

15

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

16

Executed July 27, 2016, at San Francisco, California.

17

18

19

20

*Colleen M. Garrett*

21

COLLEEN M. GARRETT

22

23

24

25

26

27

28